```
            UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF FLORIDA
            CASE NO. 00-6064-CR-ROETTGER
```

UNITED STATES OF AMERICA

v.

IAN STEWART SANDERSON,

    DEFENDANT,
_____/



GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER

    The United States of America, in response to the Standing Discovery Order issued in this case file this response which is alphabetized and numbered to correspond to that original order and states as follows:

    A.  1.  There are written and recorded statements made by the defendant. See attached Record of Sworn statement written by the defendant and executed advise of rights form.

    2.  The defendant made oral statements after arrest, in response to interrogation by a then known-to-be government agent, reports of which are attached, which the government intends to offer in evidence at trial. See attached statement of the defendant.

    3.  Defendant did not testify before the grand jury.

    4.  The defendant's criminal history is attached.

    5.  Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained from or belonging to the defendant, include but are not limited to: Three thousand dollars ($3000) in United states currency recovered from the defendant, FDIC Certificates for the Hemisphere National Bank and Sunniland Bank; pair of sunglasses;pair of black sneakers Bank surveillance photograph depicting the defendant taken on the following dates: 12/13/99 at the Union Bank located at 101 N. Federal Hwy, Deerfield Beach, 1/11/00 at the Hemisphere National Bank located at 19105 Biscayne Blvd, Aventura, Fl and 2/07/2000 at the Republic Security Bank located at 2201 W. Sample Rd.Pompano Beach, FL,.

    6.  The results or reports of physical or mental examinations or scientific tests or experiments made in connection with this case, are as follows: see attached Broward county Sheriff's Office investigative Action Report.

    B.    The United States requests the discovery and production of those items described and listed in paragraph B of the Standing Discovery Order, and as provided by Federal Rule of Criminal Procedure 16(b).

    C.    The only information or material known to the United States which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963) or United States v. Agurs, 427 U.S. 97 (1976) is as follows: none known.

    D.    The existence and substance of payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses within the scope of United States v. Giglio, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959) is as follows: none known

    E.    None Known

    F.    The defendant was identified in photo spreads or similar identification procedures. See attached photo spread and reports.

    G.    The government agents and officers involved in this case have been advised to preserve all rough notes they may have taken.

    H.    The United States will advise the defendant, prior to trial, of its intent to introduce during its case in chief, evidence of other crimes, wrongs or acts as provided by Federal Rule of Evidence 404(b). Any evidence made available for inspection may be offered in the government's case in chief under Federal Rule of Evidence 404(b) or otherwise. The United States advises the defendant that pursuant to Federal Rule of Evidence 404(b) it will seek to introduce, in its case-in-chief evidence of other crimes committed by the defendant, specifically that the defendant committed ten other bank robberies. Details of these other robberies to be provided at the discovery conference.

    I.    The defendant was not an aggrieved person as defined in Title 18, United States Code, Section 2510(11), that is, the defendant was not a party to any intercepted wire or oral communication or a person against whom the interception was directed.

    J.    The United States has ordered transcripts of the grand jury testimony of all witnesses who will testify for the government at the trial of this case. The transcripts will be provided as required by Title 18, United States Code, Section 3500.

    K.    There are no controlled substances which are the subject of the indictment in this case.

    L.    The United States did not seize or forfeit any

automobile, vessel or aircraft allegedly used in the commission of the offenses in this indictment.

    M.   Latent fingerprints of the defendant were recovered in this case. See attached Broward county Sheriff's Office investigative Action Report

The United States demands, pursuant to Federal Rule of Criminal Procedure 12.1, notice of the defendant's intention to offer a defense of alibi. The approximate date, time and place at which the alleged offense was committed is as follows:

   Date:      December 13,1999 to January 20, 2000

   Place      Dade and Broward countes, FL.

                               Respectfully submitted,
                               THOMAS E. SCOTT
                               UNITED STATES ATTORNEY

                 By: _____
                      Thomas P. Lanigan
                      ASSISTANT UNITED STATES ATTORNEY
                      Court ID # A5500033
                      500 E. Broward Blvd Suite 700
                      Fort Lauderdale, FL 33301
                      954-356-7255 ext 3590
                      954-356-7230 fax

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Government's Response to Standing Discovery Order was mailed this 12th day of April 2000 to:

Robert Berube,
Supervisory Assistant Federal Public Defender
101 N.E. 3rd ave Suite 202
Fort Lauderdale, Florida 33301

                             _____
                             Thomas P. Lanigan
                             ASSISTANT UNITED STATES ATTORNEY

cc: S/A Eliasib Ortiz, FBI

# ADDITIONAL ATTACHMENTS <u>NOT</u> SCANNED

PLEASE REFER TO COURT FILE