**01-7744**

AO 243 (Rev. 5/85)    MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

CIV-ROETTGER
MAGISTRATE
SORRENTINO

| **United States District Court** | District Southern District of Florida |
|---|---|
| Name of Movant Ian Stewart Sanderson | Prisoner No. 55167-004 | Case No. 00-6064-CR-ROETTGER |
| Place of Confinement Century Correctional Institution, 400 Tedder Road, Century FL 32535 | Florida Department of Corrections |

| UNITED STATES OF AMERICA | v. Ian Stewart Sanderson |
|---|---|
| | (name under which convicted) |

## MOTION

1. Name and location of court which entered the judgment of conviction under attack United States District Court-Southern District of Florida, 299 East Broward Blvd, Ft. Lauderdale, Florida 33301

2. Date of judgment of conviction November 20, 2000 (sentencing)

3. Length of sentence 110 Months Bureau of Prisons

4. Nature of offense involved (all counts) Count 1, 2 and 3: Bank Robbery

FILED BY ___ D.C.
2001 NOV 14 AM 10:26
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA-FTL

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☑
   (c) Nolo contendere ☐

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

Not Applicable

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐   Not Applicable
   (b) Judge only ☐

7. Did you testify at the trial?   Not Applicable
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☑

(2)

9. If you did appeal, answer the following: **Not Applicable**

   (a) Name of court _____

   (b) Result _____

   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☐ No ☐

11. If your answer to 10 was "yes," give the following information: **Not Applicable**

    (a)(1) Name of court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

    _____

    _____

    _____

    _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐ No ☐  **Not Applicable**

    (5) Result _____

    (6) Date of result _____

    (b) As to any second petition, application or motion give the same information: **Not Applicable**

    (1) Name of court _____

    (2) Nature of proceeding _____

    _____

    (3) Grounds raised _____

    _____

    _____

    _____

(4) Did you receive an evidentiary hearing on your petition, application or motion? Not Applicable
Yes ☐ No ☐

(5) Result ~~XXXXXXX~~

(6) Date of result ~~XXXXXXX~~

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.    ~~Yes ☐ No ☐~~    Not Applicable
(2) Second petition, etc.  ~~Yes ☐ No ☐~~

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

Not Applicable

~~[crossed out lines]~~

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Ineffective Assistance of Counsel as defendant's guilty pleas relied on counsel's misadvice AND inaccurate assurance and lie.

Supporting FACTS (state *briefly* without citing cases or law): Defendant pled guilty to three counts of Bank Robbery only after defendant's counsel advised defendant that his federal sentence "would" be served in federal custody. Where defendant had state charges pending in Broward County.
CONTINUED ON -5A-

B. Ground two: B.O.P's noncompliance with this courts order violates the separation of powers clause of the U.S Constitution

Supporting FACTS (state *briefly* without citing cases or law): Defendant attacks his placement of incarceration in state custody rather than federal custody in that defendant is unable to complete or attend the courts B.O.P's 500 hour drug program because of his placement in state prison rather than federal prison. CONTINUED ON -5e-

C. Ground three: Ineffective Assistance of Counsel as counsel never advised defendant that he could withdraw his plea pursuant to Federal Rule 32(e).

Supporting FACTS (state *briefly* without citing cases or law): Defendant pled guilty on May 31, 2000, to three counts of Banks Robbery with the belief (on the assurance from his counsel) that his prison time would be served in federal prison.
CONTINUED ON -5f-

(5)

# GROUND ONE CONTINUED

Defendant was initially arrested by the Broward County Sheriff's office and subsequently loaned to the federal authorities for these instant cases. Defendant knowing that he had state charges pending that would carry a punishment of prison time, advised his attorney that he wished to do his prison time in federal custody.

Defendant advised his attorney during their first meeting on 30 March 2000 that his wish was to do his prison time in federal custody. Also defendant explained to his attorney many times from their initial meeting until the date of defendants plea hearing date of 31 May, 2000 that if he had to serve his federal sentence in state custody in response to his plea of guilty on all three counts he had pending in federal court that defendant would not plead guilty, but that defendant would plead "not guilty" and proceed to trial on all three counts of bank robbery.

Defendant's attorney knowing defendants wishes advised defendant on 31 May 2000 that he had been in touch with defendants Broward County Attorney who was representing defendant in his state case. Defendant's attorney assured defendant that he had his placement in federal custody worked out, and that if he pled guilty today (31 May 2000) that his federal sentence would be served in federal custody. Only after defendant's attorney assured defendant that he would serve his federal sentence in federal prison did defendant plead guilty to the instant cases.

It was defendant's understanding that his federal prison sentence would be served in federal prison in exchange for his guilty pleas. This led defendant to waive his constitutional rights and plead guilty. Where defendant upon his attorney's assurance that his prison sentence would be served in federal prison led defendant to plead guilty.

Defendant who is serving his federal sentence in state custody with concurrent state sentence, renders his guilty plea involuntary and unknowingly induced on false assurances by defendant's attorney as defendant was not fairly apprised of guilty plea's consequences.

Had defendant known that his prison sentence would be served in state custody and/or that his attorney's assurances were falsely made, defendant would not have pled guilty but to the contrary defendant would have pled not guilty and proceeded to trial on all three counts of bank robbery.

Defendant was also prejudiced by counsel's lie that the F.B.I Agent from the Middle District was there to interview defendant that day at the courthouse concerning relevant conduct.

On the date of defendant's plea hearing defendant's counsel noticed during a conference with defendant, defendants irritation to being brought to court to plea while his placement has not yet been worked out.

Counsel told defendant that this particular agent had driven all morning from the west coast (Naples - Fort Myers) specifically to speak to defendant concerning the robbery's that defendant was being accused of committing in that area. Counsel advised defendant that if he did not speak to this agent that day before the plea hearing that the agent would return to the Middle District, disapointed, and that the government would not agree to concider the Middle District robberys for relevant conduct.

Defendant, while being led to believe that the agent was from the middle district and that not speaking to him regarding relevant conduct would jepordize defendant's overall case, defendant agreed to speak to said agent.

Only after the conference with this F.B.I allegedly from the Middle District did defendant realize that the F.B.I agent in question was not from the Middle District but in fact this particular agent was from the Southern District. That no F.B.I agent had driven all morning from the Middle District as indicated by counsel. That the F.B.I Agent that was there in the Federal Courthouse that day was Special Agent Eliasib Ortiz Jr. from the Southern District of Florida.

Counsel purposely lied to defendant when telling him that an F.B.I Agent from the Middle District was there to talk to him and not talking to this agent would jepordize defendant's plea concerning relevant conduct. Only after

-5c-

speaking to Special Agent Ortiz did defendant realize that it would be in his best interest to plead guilty to all three counts in the indictment because of his statements that were made to Special Agent Ortiz.

Had cousel told defendant that the F.B.I Agent that was at the courthouse on 31 May, 2000 was from the Southern District and not from the Middle District defendant would not have talked to him and subsequently defendant would have pled not guilty to all charges in the indictment and proceeded to trial.

Had defendant known that his Federal prison sentence would be served in state custody, that his attorneys' assurances were falsely made and/or that Special Agent Ortiz represented the Southern District and not the Middle District of Florida, defendant would have pled not guilty to all three counts in the indictment and subsequently defendant would of proceeded to trial.

Counsel's errors in ground one deprived defendant of his Sixth and fourteenth Amendment rights to a fair trial, effective assistance of counsel and due process. In addition, defendant's pleas are rendered unintelligent, unknowing and involuntary in contravention of the due process clause of the Fourteenth Amendment.

-5d-

# GROUND TWO CONTINUED

On page two of defendant's Judgment Papers this court ordered that defendant attend 500 hours of drug treatment in the Bureau of Prisons. Defendant's Presentence Investigation Report concluded that defendant has an addiction to cociane.

During defendant's sentencing hearing, this court ordered that defendant attend 500 hours of Bureau of Prison's Drug Treatment Program. Defendant argues that it is impossible for defendant to attend and complete this court's order because of his incarceration in the Florida Department of Corrections.

Defendant is being prejudiced because the Florida Department of Corrections has indicated to defendant that he does not fit the criteria for the department's drug treatment program. (See Exhibit A: "INMATE MANAGEMENT PLAN AND PERFORMANCE RESULTS".).

Since the department of Corrections believes that defendant has no drug problem and thus doesn't fit the criteria for drug treatment set forth by the Florida Department of Corrections, defendant may never be placed in the department's drug program.

The Bureau of Prison's refusal to comply with this Court's order violates the seperation of powers clause of the United States Constitution. Defendant request that he be remanded to the Federal Bureau of Prisons to participate and complete this court's order of 500 hours Bureau of Prisons Drug Treatment Program, as well as for any after treatment that may be provided.

## GROUND THREE CONTINUED

Defendant pled guilty on May 31, 2000 to three counts of Bank Robbery with the belief (on the assurance from his Attorney) that his prison time would be served in Federal Prison. Defendant also had state charges pending in Broward County and prison time in that case upon a conviction would be imminent. Subsequently to pleading guilty, this court deferred sentencing until November 20, 2000.

On June 3, 2000 defendant was transported back to the Broward County Jail to face the pending charges. Subsequently to arrival at the Jail defendant met with his attorney that was representing his cause in the state proceedings. This Attorney who is Jason Gunther who at the time worked for the Broward County Public Defenders Office explained to defendant that he would have to serve all his time if convicted in state court in the Florida Department of Corrections.

Defendant was transported by the U.S Marshals to his federal sentencing in this court on November 20, 2000. Defendant met with his attorney and explained to him that he was very disappointed that he would not be serving his sentence in federal custody. However at no time did defendant's counsel tell him that he could withdraw his plea pursuant to Federal Rule 32(e).

Defendant explained to his counsel many times by letter as well as when defendant's counsel came to visit him at the Broward County Jail that he did not like how his situation has turned out. At no time did defendant's Attorney tell him that he could withdraw his plea pursuant to Federal Rule 32(e).

-5f-

During defendants sentencing hearing defendant on record explained to this court that he was disappointed because he was led to believe prior to pleading guilty that his guilty plea in federal court allowed him to serve his prison sentence in federal custody. The Honorable Judge Roettger conferred with defendant's counsel and the U.S District Attorney on record. And it was explained by both that they had no control over the placement of defendant's incarceration. At no time during this conference did counsel explain to defendant that he could withdraw his plea pursuant to Federal Rule 32(e).

Defendant argues that his counsel never explained to him at any time that he might be able to withdraw his plea pursuant to Federal Rule 32(e). Counsel knew that defendant's plea of guilty hinged on his placement in federal prison. Counsel also had known prior to defendants plea hearing that if he was to serve his federal sentence in state custody he would proceed to trial (see ground one).

Defendant argues that he did not know at the time of his plea of guilty or up until his sentencing that he might be allowed to withdraw his plea. Defendant relied on his attorneys services and knowledge of the law. Only after being transported to the Florida Department of Corrections and visiting with a law clerk in the law library did defendant become aware that he could have seeked to withdrawn his plea pursuant to Federal Rule 32(e).

Defendant's counsel, after realizing that his client's

-5g-

reasoning for pleading guilty could not be met should have explained to defendant that he could seek to withdraw his plea pursuant to Federal Rule 32(e).

Had counsel told defendant that he could seek to withdraw his plea of guilt pursuant to Federal Rule 32(e), defendant would have seeked to have his plea withdrawn after realizing that his counsel's assuance that defendant's prison time would be served in federal prison could not be met. Had defendant been able to withdraw his plea of guilt, defendant would have withdrawn his pleas and proceeded to trial on all three counts of bank robbery.

Counsel's errors in ground three deprived defendant of his Sixth and Fourteenth Amendment rights to a fair trial, effective assistance of counsel and due process. In addition, defendant's pleas are rendered unintelligent, unknowing and involuntary in contravention of the due process clause of the Fourteenth Amendment.

D. Ground four: N/A

Supporting FACTS (state *briefly* without citing cases or law):

[crossed out lines]

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:
Defendant did not appeal, furthermore, the issues raised in this motion are collateral issues and are not cognizable on an appeal.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing  Robert N. Berube, 101 Northeast Third Avenue Suite 202 FT. Lauderdale, FL 33301-1100 (Public Defender)

(b) At arraignment and plea  Robert N. Berube, 101 Northeast Third Avenue Suite 202 FT. Lauderdale, FL 33301-1100 (Public Defender)

(c) At trial  Not Applicable

(d) At sentencing  Robert N. Berube, 101 Northeast Third Avenue Suite 202 FT. Lauderdale, FL 33301-1100 (Public Defender)

(6)

(e) On appeal _Not Applicable_

(f) In any post-conviction proceeding _Defendant is proceeding pro se in this initial post-conviction cause._

(g) On appeal from any adverse ruling in a post-conviction proceeding _Not Applicable_

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☑ No ☐

(a) If so, give name and location of court which imposed sentence to be served in the future: _Broward County Courthouse: 17th Judicial Circuit 201 S.E. 6th Street Ft. Lauderdale 33301._

(b) Give date and length of the above sentence: _Sentence was imposed on December 1st 2000. Length of sentence was 20 years Habitual to run concurrent with 15 years._

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☑ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed _and surrendered to prison officials for mailing by institutional and U.S Mails_ on _November 6th, 2001_
(date)

_Ian Sanderson_
Signature of Movant

Ian Sanderson, pro se

(7)

```
                FLORIDA DEPARTMENT OF CORRECTIONS
            INMATE MANAGEMENT PLAN & PERFORMANCE RESULTS       MAIL BOX
                             INMATE NOTICE
DC#: Y00045   NAME: SANDERSON, IAN C.         EXT.STA: ACTIVE       TRD: 01/14/2020
W/R LOC: CENTURY C.I.              TEAM: 02   CUSTODY: CLOSE
WK.ASG: RECEPTION/ORIENT.-OTHER FACIL    BED: H12G3L   INT.STA: GENERAL POPULATION
     ASSESSMENT DATE: 12/22/2000   PREPARED BY: PJ013 = PROPPS, J. J.
FACILITY: 106 CENTURY C.I.             CUSTODY AT DATE OF ASSESSMENT: CLOSE

                1. PERFORMANCE RESULTS - THROUGH REPORTING PERIOD

PERIOD FROM: 12/11/2000   TO: 12/22/2000   LAST COMPLETED/UPDATED: 12/11/2000

A. OVERALL ADJUSTMENT:                                     SATISFACTORY

B. WORK/PROGRAM ASSIGNMENTS AVERAGE RATING                 UNRATED

C. HOUSING AVERAGE RATINGS (SECURITY)                      UNRATED

D. DISCIPLINE RECORD:TOTAL DR:    0   MAJOR DR:    0   TOTAL DR TO DATE:     0

E. PROGRAM CERTIFICATES AWARDED:
        FACILITY                 COURSE NAME                  CERT.AWARDED

                2. GOALS & OBJECTIVES - UPCOMING REPORTING PERIOD
**NOTICE TO INMATE:  THE FOLLOWING GOALS AND OBJECTIVES MAKE UP YOUR
  CLASSIFICATION PLAN DURING THE LISTED TIME PERIOD.  YOUR PERFORMANCE IN MEETING
  YOUR OBJECTIVES DURING THE REPORTING PERIOD WILL BE EVALUATED AND WILL BE A
  MAJOR FACTOR IN FUTURE DECISIONS REGARDING YOUR PLACEMENT IN FACILITY, WORK,
  OR PROGRAMS (INCLUDING WORK RELEASE-IF YOU ARE OTHERWISE ELIGIBLE).  CHANGES
  TO THE CLASSIFICATION PLAN MAY BE MADE BASED ON DEPARTMENT OR INSTITUTION
  NEEDS, OR NEW INFORMATION.  AN UPDATED "INMATE NOTICE" WILL BE PROVIDED TO YOU
  FOLLOWING CHANGES TO YOUR PLAN ("OBJECTIVES").

PERIOD FROM: 12/22/2000   TO: 12/22/2001   PLAN COMPLETED: 12/22/2000

A. GOAL       B. GOAL DESCRIPTION           C. OBJECTIVE DESCRIPTION
EDUCATION     PARTIC. IN ACAD. ED.          COMPLETE MAND. LIT.
VOCATION      NO GOAL
SUB ABUSE     DEV. NO DRUG LIFE.            DEFER PARTICIPATION
WORK COMP     MAINTAIN WORK ETHIC           EARN ABOVE SAT RATINGS
SECURITY      COMPLY SEC. BEHAV. OBJ.       EXCEED SECURITY STNDS
DISCIPLINE    ADHERE-RULES FROM COND        MAINTAIN CLEAR DR RECORD
WELLNESS      INTRO TO HOLISTIC             COMPLETE WELLNESS PGM
BETTERMENT    PARTIC. SELF-BETT. PGM        DEFER PARTICIPATION
WORK REL      NO GOAL
TRANS ASST    NO GOAL.

                3. CPO COMMENTS
NONE
```

EXHIBIT A